ORIGINAL
FILED
2008 JUN -5 AM 10: 14

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____KNH_____ DEPUTY

Samer Habbas, State Bar No. 243683
LAW OFFICES OF SAMER HABBAS
7700 Irvine Center Drive, Suite 955
Irvine, CA 92618
Telephone: (949) 727-9300
Fax: (949) 727-9308

Attorney for Plaintiff, David Santoyo

UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| DAVID SANTOYO, | Case No.: 08 CV 1000 W BLM |
|---|---|
| Plaintiff, | |
| vs. | COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES |
| MANUEL SOTO JR., JAMES SILBERMAN, JUAN RAMON SALAZAR, AND DOES 1 TO 10, | DEMAND FOR JURY TRIAL |
| Defendants. | |

## COMPLAINT

PLAINTIFF DAVID SANTOYO, complains and alleges against Defendants MANUEL SOTO JR., JAMES SILBERMAN, JUAN RAMON SALAZAR, AND DOES 1 through 10 as follows:

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1   COMPLAINT FOR DAMAGES

1. This action is brought pursuant to the Admirality and Maritime jurisdiction of the above-entitled court pursuant to 46 U.S.C. § 740, et seq. and 28 U.S.C. § 1333 (1).

2. Plaintiff is, and at all times mentioned herein, was, a resident of the County of Riverside, State of California.

3. Plaintiff is informed and believes, and based thereupon alleges, that at all times herein mentioned defendants, MANUEL SOTO JR., JAMES SILBERMAN, JUAN RAMON SALAZAR, and each of them, are, and were, residents of the County of San Diego, State of California.

4. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOE defendants 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when same shall have been ascertained. PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that PLAINTIFF'S injuries as herein alleged were proximately caused by the acts and/or omissions of said fictitiously named defendants.

## FIRST CAUSE OF ACTION
### (Negligence)

5. Plaintiff hereby repeats, re-alleges and incorporates the allegations contained in paragraphs 1 through 4 as though fully set forth herein.

6. Plaintiff is informed and believes, and based thereupon alleges, that at all times herein mentioned, defendant, Manuel Soto was, and were the owner and operator of a 2003 Maxum/Ski.

7. Plaintiff is informed and believes, and based thereupon alleges, that at all times herein defendant, James Silberman, Juan Ramon Salazar, and each of them, are, and were, the owners and operators a Yamaha Waverider. Plaintiff is further

2   COMPLAINT FOR DAMAGES

informed and believes, and based thereupon alleges, that defendant, James Silberman, entrusted his Yamaha Waverider with Juan Ramon Salazar, who had no prior experience in operating such equipment.

8. On or about June 10, 2006, plaintiff, David Santoyo was being towed on an inner tube attached to a Maxum/Ski boat owned and operated by Defendant Manual Soto Jr.

9. Plaintiff is further informed and believes, and based thereupon alleges, that at all times herein mentioned, and while on the navigable waters of Senator's Wash, defendant, Manual Soto Jr. negligently, carelessly, and recklessly operated, entrusted, managed, maintained, controlled, equipped, owned and used said vessel so as to cause plaintiff to collide into the Yamaha Waverider operated by defendant, Juan Ramon Salazar, resulting in serious and permanent injuries to plaintiff.

10. At said time and place, Defendant Manual Soto Jr., used said vessel in a reckless and negligent manner so as to endanger the life and limb of his plaintiff and his passengers in violation of Harbors & Navigation Code Section 655(a).

11. At said time and place, Defendant Manual Soto Jr., used said vessel without keeping a proper look out in violation of Rule 5; lookout.

12. At all times herein mentioned, defendant Manual Soto Jr. operated the above-described vessel in a highly reckless manner and at a grossly excessive rate of speed while rounding an island, with absolute and conscious disregard and callous indifference to the rights and safety of plaintiff and with awareness of the risk of injury thereby caused, all of which in violation of Harbors & Navigation Code Section 655(a).

13. Plaintiff is further informed and believes, and based thereupon alleges, that at all times herein mentioned, and while on the navigable waters of Senator's Wash, defendant, Juan Ramon Salazar negligently carelessly, and recklessly operated, managed, maintained, controlled, equipped, and used the Yamaha

Waverider so as to collide into Plaintiff, resulting in serious and permanent injuries to plaintiff.

14. At all times herein mentioned, defendant Juan Ramon Salazar operated the Yamaha Waverider in a highly reckless manner by shutting off the PWC when he saw Defendant Soto's boat in front of him, disabling its maneuvering capability and jumping into the water, knowing that the PWC would collide into plaintiff. This operation was with absolute and conscious disregard and callous indifference to the rights and safety of plaintiff and with awareness of the risk of injury thereby caused.

15. Plaintiff is further informed and believes, and based thereupon alleges, that at all times herein mentioned, and while on the navigable waters of Senator's Wash, defendant, James Silberman negligently and carelessly entrusted, managed, maintained, controlled, equipped, and used the Yamaha Waverider by allowing Defendant Juan Ramon Salazar to operate his Yamaha Waverider, despite knowledge that Salazar has no prior experience in operating the Waverider alone, and further knowledge of the traffic in the waters on said date.

16. As a direct and proximate result of the negligence and carlessness of defendants, and each of them, as hereinfore alleged, plaintiff DAVID SANTOYO, was hurt and injured in his health, strength and activity, in all parts of his body, and sustained shock and injury to his nervous system and person, all of which injuries have caused and continue to cause plaintiff great mental, physical and nervous anxiety, and pain and suffering. Plaintiff, DAVID SANTOYO, is informed and believes, and based thereupon alleges, that said injuries resulted in permanent injuries to plaintiff, in an amount to be proven at trial. Plaintiff is informed and believes, and thereupon alleges, that the amount in controversy in excess of Seventy Five Thousand Dollars ($75,000.00) and within the jurisdiction of this Court.

17. As a further direct and proximate result of the negligence, carelessness, and reckless of defendants, and each of them, as hereinabove alleged, plaintiff, DAVID SANTOYO, was required to and did, employ physicians, surgeons and therapists to treat and care for his injuries and did sustain as a result medical expenses for said medical treatment and care, hospitalization, medicines, and for other and further medical and incidental care, for which plaintiff has incurred liability in an amount yet unascertained. Plaintiff, DAVID SANTOYO, prays leave of Court to amend and/or supplement this Complaint to insert the actual and reasonable value of all medial and incidental expenses when same have been ascertained, or to prove same at time of trial.

18. Plaintiff, DAVID SANTOYO, is informed and believes, and based thereupon alleges, that as a further direct and proximate result of the negligence, carelessness, and recklessness of defendants, as hereinabove alleged, she will necessarily require additional medical care, hospitalization, medicines, and other and further medical attention in the future and will incur liability therefrom. Plaintiff, DAVID SANTOYO, prays leave of Court to amend and/or supplement this Complaint to insert the actual and reasonable value of all said additional medical and incidental expenses when same have been ascertained, or to prove same at time of trial.

19. As a further direct and proximate result of the negligence, carelessness of defendants, and each of them, as hereinabove alleged, plaintiff, DAVID SANTOYO, became incapacitated and was prevented from following her usual occupation for an undetermined period of time; and as a result thereof, said plaintiff suffered a loss of earnings and earning capacity and ability and other financial losses in an undetermined amount. Plaintiff, DAVID SANTOYO, prays leave of Court to amend and/or supplement this Complaint to include the exact amount of said loss of earnings and earning capacity and ability when ascertained, or to prove same at time of trial.

## SECOND CAUSE OF ACTION

### (Negligence under General Maritime Law)

20. PLAINTIFF hereby repeats, re-alleges and incorporates the allegations contained in all paragraphs 1 through 20 as though fully set forth herein.

21. At all times herein mentioned, defendants, and each of them were the owners, operators, or others in control of a vessel upon the navigable waterways of Senator's Wash and therefore their conduct falls within the confines of General Maritime Law.

22. Plaintiff is further informed and believes, and based thereupon alleges, that at all times herein mentioned, and while on the navigable waters of Senator's Wash, defendant, Manual Soto Jr. negligently, carelessly, and recklessly operated, entrusted, managed, maintained, controlled, equipped, owned and used said vessel so as to cause plaintiff to collide into the Yamaha Waverider operated by defendant, Juan Ramon Salazar, resulting in serious and permanent injuries to plaintiff.

23. At said time and place, Defendant Manual Soto Jr., used said vessel in a reckless and negligent manner so as to endanger the life and limb of his plaintiff and his passengers in violation of Harbors & Navigation Code Section 655(a).

24. At said time and place, Defendant Manual Soto Jr., used said vessel without keeping a proper look out in violation of Rule 5; lookout.

25. At all times herein mentioned, defendant Manual Soto Jr. operated the above-described vessel in a highly reckless manner and at a grossly excessive rate of speed while rounding an island, with absolute and conscious disregard and callous indifference to the rights and safety of plaintiff and with awareness of the risk of injury thereby caused, all of which in violation of Harbors & Navigation Code Section 655(a).

26. Plaintiff is further informed and believes, and based thereupon alleges, that at all times herein mentioned, and while on the navigable waters of Senator's Wash, defendant, Juan Ramon Salazar negligently and carelessly operated, managed, maintained, controlled, equipped, and used the Yamaha Waverider so as to collide into Plaintiff, resulting in serious and permanent injuries to plaintiff.

27. At all times herein mentioned, defendant Juan Ramon Salazar operated the Yamaha Waverider in a highly reckless manner by shutting off the PWC when he saw Defendant Soto's boat in front of him, disabling its maneuvering capability and jumping into the water, knowing that the PWC would collide into plaintiff. This operation was with absolute and conscious disregard and callous indifference to the rights and safety of plaintiff and with awareness of the risk of injury thereby caused.

28. Plaintiff is further informed and believes, and based thereupon alleges, that at all times herein mentioned, and while on the navigable waters of Senator's Wash, defendant, James Silberman negligently and carelessly entrusted, managed, maintained, controlled, equipped, and used the Yamaha Waverider by allowing Defendant Juan Ramon Salazar to operate his Yamaha Waverider, despite knowledge that Salazar has no prior experience in operating the Waverider alone, and further knowledge of the traffic in the waters on said date.

## **PRAYER**

Wherefore, PLAINTIFF prays for judgment against each defendant as follows:

1. For general damages, all in an amount to be proven at the time of trial;
2. For medical and related expenses, past, present, and future, all in an amount to be proven at the time of trial;

3. For loss of earnings or earning capacity, past, present and future, all in an amount to be proven at time of trial;

4. For punitive ore exemplary damages where alleged against defendant Manual Soto Jr. and Juan Ramon Salazar,;

5. For a jury trial;

6. For costs of the suit incurred herein; and

7. For such other and further relief as the Court may deem just and proper,

Dated:  June 3, 2008

LAW OFFICES OF SAMER HABBAS

_____
SAMER HABBAS
Attorneys for David Santoyo

**ORIGINAL**

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
David Santoyo

**DEFENDANTS**
Manuel Soto, Jr., Juan Ramon Salazar, and James N. Silberman

FILED 2008 JUN -5 AM 10: 14

(b) County of Residence of First Listed Plaintiff: **Riverside**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **San Diego**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Law Offices of Samer Habbas, 7700 Irvine Center Drive, Suite 955
(949) 727-9300

Attorneys (If Known)
**'08 CV 1000 W BLM**
Sands Lerner, 12400 Wilshire Blvd., Suite 1300, Los Angeles, CA (310) 979-9144

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
46 U.S.C. section 740, et seq., 28 U.S.C. 1333(1)

Brief description of cause:
Incident took place on navigable waterway and thus controlled by federal maritime law.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 06/03/2008
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 151584   AMOUNT $350   APPLYING IFP   JUDGE   MAG. JUDGE
JAC 6/5/08

```
        UNITED STATES
        DISTRICT COURT
    SOUTHERN DISTRICT OF CALIFORNIA
          SAN DIEGO DIVISION

        # 151584      - TC

          June 05, 2008
            10:16:14

         Civ Fil Non-Pris
USAO #.: 08CV1000
Judge..: THOMAS J WHELAN
Amount.:              $350.00 CK
Check#.: BC2492


     Total->   $350.00


FROM: DAVID SANTOYO
      VS
      MANUEL SOTO JR., ET AL.
```