NEIL S. LERNER, State Bar No. 134031
ARTHUR A. SEVERANCE, State Bar No. 246691
SANDS LERNER
12400 Wilshire Boulevard, Suite 1300
Los Angeles, California 90025
Telephone (310) 979-9144
Fax (310) 979-9244

Attorneys for Defendant,
MANUEL SOTO, JR.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA • SAN DIEGO

| | |
|---|---|
| DAVID SANTOYO,<br><br>    Plaintiff,<br><br>vs.<br><br>MANUEL SOTO, JR., JAMES SILBERMAN, JUAN RAMON SALAZAR, AND DOES 1 TO 10,<br><br>    Defendants. | Case No. 08-CV-1000 W BLM<br><br>Assigned to Hon. Thomas J. Whelan Courtroom 7<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT MANUEL SOTO'S MOTION TO DISMISS**<br><br>[Fed. R. Civ. P. 12(b)(1)]<br><br>**NO ORAL ARGUMENT PURUSANT TO LOCAL RULE**<br><br>Date: August 25, 2008<br><br>Filed concurrently with:<br>• Memorandum of Points and Authorities;<br>• Request for Judicial Notice;<br>• Declaration of Arthur A. Severance; and<br>• Declaration of Manuel Soto, Jr. |

SANDS LERNER
12400 WILSHIRE BOULEVARD, SUITE 1300
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: 310-979-9144

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT MANUEL SOTO'S MOTION TO DISMISS

# TABLE OF CONTENTS

Table of Contents.................................................................................................i

Table of Authorities...........................................................................................ii

I.    INTRODUCTION...........................................................................................2

II.   FACTUAL BACKGROUND.........................................................................2

III.  ARGUMENT..................................................................................................3

A.   For the Court to Exercise Admiralty Jurisdiction Here, It Must Find That
     Senator Wash Reservoir Is a Navigable Waterway.......................................3

B.   The Court May Consider External Evidence in Determining Whether
     Senator Wash Reservoir Is a Navigable Waterway.......................................5

C.   The Court Does Not Have Admiralty Tort Jurisdiction Over Plaintiff's
     Complaint Because Senators Wash Reservoir Is Not a Navigable Waterway.................7

     1.   Senator Wash Reservoir Is a Navigable Waterway Only If It Formed,
          or Was Part of, a Continuous Highway Upon Which Interstate Commerce
          By Water Could Have Been Conducted On June 10, 2006...................8

     2.   There Is No Evidence of Actual Interstate Commerce Taking Place
          on Senator Wash Reservoir...............................................................9

     3.   Senator Wash Reservoir Is Not Per Se Capable of Carrying Interstate
          Commerce Because It Is Wholly Contained in the State of California..............10

     4.   Senator Wash Reservoir Is Not Capable of Carrying Interstate Commerce
          Because It Is Landlocked and Dammed.............................................10

     5.   Senator Wash Reservoir Is Not A Navigable Waterway. Therefore,
          the Court Does Not Have Admiralty Tort Jurisdiction over
          Plaintiff's Complaint........................................................................13

D.   Because There Is No Basis For Admiralty or Any Other Subject Matter
     Jurisdiction Here, the Court Should Dismiss Plaintiff's Complaint...............14

IV.  CONCLUSION..............................................................................................15

SANDS LERNER
12400 WILSHIRE BOULEVARD, SUITE 1300
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: 310-979-9144

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT MANUEL SOTO'S MOTION TO DISMISS

# TABLE OF AUTHORITIES

## CONSTITUTIONS AND STATUTES

U.S. Const. art. III, § 2........................................................................3

28 U.S.C. § 1332...............................................................................14

28 U.S.C. § 1333(1)..........................................................................2-3

46 U.S.C. § 30101 et seq...................................................................14

46 U.S.C. § 740 et seq..................................................................2-3, 14

46 U.S.C. App. § 740 et seq..............................................................14

Fed. R. Civ. P. 12 (b)(1)..................................................................1, 5

## CASES

Adams v. Montana Power Co., 528 F.2d 437 (9th Cir. 1975).........................10

Bank One, Texas N.A. v. Montle, 964 F.2d 48 (1st Cir. 1992).......................7

Barber v. Marina Sailing, Inc., 42 Cal. Rptr. 697 (1995)...............................6

Bjork v. Mason, 92 Cal. Rptr. 2d 49 (2000)...............................................5

Cano v. Neill, 473 P.2d 487 (Ariz. Ct. App. 1970)...............................2, 12

Crawford v. Electric Boat Corp., 515 F.Supp. 2d 282 (D.Conn. 2007)............8

Davis v. United States, 185 F.2d 938 (9th Cir. 1950).............................8-10

DuBose v. Matson Nav. Co., 403 F.2d 875 (9th Cir. 1968)..........................6

Ex Parte Boyer, 109 U.S. 629 (1884).......................................................9

Gruver v. Lesman Fisheries, Inc., 489 F.3d 978 (9th Cir. 2007)..............3-4, 7

Guillory v. Outboard Motor Corp., 956 F.2d 114 (5th Cir. 1992)..................11

H2O Houseboat Vacations Inc. v. Hernandez, 103 F.3d 914 (9th Cir. 1996)............4

Hardwick v. Pro-Line Boats, Inc., 895 F.Supp. 145 (S.D. Tex. 1995)............4, 7-9, 11-12

Historic Aircraft Recovery Corp. v. Wrecked & Abandoned Voight
    F4U-1 Corsair Aircraft, 294 F.Supp. 2d 132 (D.Me. 2003).......................6

In re Bernstein, 81 F.Supp.2d 176 (D.Mass. 1999)..........................4-5, 7-8, 11-12

ii

SANDS LERNER
12400 WILSHIRE BOULEVARD, SUITE 1300
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: 310-979-9144

In re Everglades Island Boat Tours, LLC, 484 F.Supp. 2d 1259 (M.D. Fla. 2007)................3, 6

In re Three Buoys Houseboat Vacations U.S.A., Ltd., 921 F.2d 775 (8th Cir. 1990)....3-4, 7-12

Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527 (1995)..................5

Kaiser Aetna v. United States, 444 U.S. 164 (1979)..................................................................8

Lloyd's Leasing Ltd. v. Conoco, 868 F.2d 1447 (5th Cir. 1989)................................................5

Minix v. Fellers, 654 F.Supp. 1127 (N.D. Cal. 1987)................................................4, 9-10, 12

Morrison v. Amway Corp., 323 F.3d 920 (11th Cir. 2003).........................................................5

Oseredzuk v. Warner Co., 354 F.Supp. 453 (D.Penn. 1972)...................................3, 8-9, 12-13

Record v. Reason, 86 Cal. Rptr. 2d 547 (1999)........................................................................5

Safe Air for Everyone v. Miller, 373 F.3d 1035 (9th Cir. 2003)...........................................5-7

Sisson v. Ruby, 497 U.S. 358 (1990)....................................................................................4, 10

The Daniel Ball, 77 U.S. 557 (1870)....................................................................................8-9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SANDS LERNER
12400 WILSHIRE BOULEVARD, SUITE 1300
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: 310-979-9144

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT MANUEL SOTO'S MOTION TO DISMISS

## I.    INTRODUCTION

Defendant MANUEL SOTO, JR. ("Defendant") moves the Court to dismiss the Complaint filed by Plaintiff DAVID SANTOYO ("Plaintiff") pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because the Court lacks subject matter jurisdiction to hear Plaintiff's claims.

Although Plaintiff has attempted to invoke the Court's admiralty jurisdiction by alleging that the waters of the Senator Wash Reservoir are navigable, they are in fact not navigable for purpose of establishing admiralty tort jurisdiction. Consequently, Plaintiff's claims are not cognizable in admiralty.

As the Court lacks another jurisdictional basis, it cannot hear Plaintiff's Complaint.

## II.    FACTUAL BACKGROUND

Plaintiff's Complaint alleges that the Court has admiralty tort jurisdiction under 46 U.S.C. § 740 et seq. and 28 U.S.C. § 1333(1). (Compl. ¶ 1.) Plaintiff does not invoke any other jurisdictional basis, nor does he allege an amount in controversy in this action. (See Compl. ¶¶ 1-4.) The Complaint alleges that Plaintiff, Defendant, and the other named defendants in this action are all residents of the State of California. (Compl. ¶¶ 2-3.)

Plaintiff's two causes of action against Defendant allege that he negligently caused Plaintiff's injuries "while on the navigable waters of Senator's [sic] Wash . . . ." on June 10, 2006. (Compl. ¶¶ 8-9, 22.).

Senator Wash Reservoir is a small land-locked body of water that is wholly contained in Imperial County in the State of California. (Def.'s Req. J. Notice; Soto Decl. ¶¶ 8-10, Ex. A at 3, Ex. B, Ex. C at 15; Severance Decl. Ex. A at 3, Ex. B at coordinates E2 to F2, Ex. C at 15, Ex. D at 6, Ex. E; Cano v. Neill, 473 P.2d 487, 489 (Ariz. Ct. App. 1970).) It is an "off-stream storage facility" for excess water from the Colorado River system, which is mechanically pumped into and out of the reservoir. (Def.'s Req. J. Notice; Severance Decl. Ex. D at 6, Ex. E, Ex. F at 24.) Senator Wash Reservoir is also used for recreational purposes such as boating and swimming. (See Def.'s Req. J. Notice; Compl. §§; Severance Decl. Ex. E, Cano, 473 P.2d at 489.)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT MANUEL SOTO'S MOTION TO DISMISS

SANDS LERNER
12400 WILSHIRE BOULEVARD, SUITE 1300
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: 310-979-9144

It is not physically possible to operate a vessel to travel from Senator Wash Reservoir onto any other body of water. (Soto Decl. ¶ 12; see Def.'s Req. J. Notice; Soto Decl. Ex. A at 3, Ex. B, Ex. C at 15; Severance Decl. Ex. A at 3, Ex. B at coordinates E2 to F2, Ex. C at 15.) Lockless earthen dams and dikes prevent vessels on the waters of Senator Wash Reservoir from traveling onto the waters of the Colorado River system. (Soto Decl. ¶¶ 8, 11; see Soto Decl. Ex. A at 3, Ex. B, Ex. C at 15; Severance Decl. Ex. A at 3; Ex. B at coordinates E2 to F2, Ex. C at 15, Ex. D at 5-6 (no description of navigable locks), Ex. F at 24 (no description of navigable locks).)

## III.    ARGUMENT

### A.    For the Court to Exercise Admiralty Jurisdiction Here, It Must Find That Senator Wash Reservoir Is a Navigable Waterway.

"Federal courts are courts of limited jurisdiction, and must be able to identify a source of such jurisdiction in order to proceed with an individual case." In re Everglades Island Boat Tours, LLC, 484 F.Supp. 2d 1259, 1261 (M.D. Fla. 2007). Plaintiff alleges that the Court has admiralty jurisdiction over his claims under 46 U.S.C. § 740 and 28 U.S.C. § 1333(1). (Compl. ¶ 1).

This Court's admiralty jurisdiction is established by Article III, Section 2 of the U.S. Constitution and 28 U.S.C. § 1333(1). E.g., Gruver v. Lesman Fisheries, Inc., 489 F.3d 978 (9th Cir. 2007). The purpose of admiralty jurisdiction is to "protect and promote maritime commerce by the application of uniform rules on navigable waterways." In re Three Buoys Houseboat Vacations U.S.A., Ltd., 921 F.2d 775, 780 (8th Cir. 1990); Oseredzuk v. Warner Co., 354 F.Supp. 453, 455 (D.Penn. 1972).]

The exercise of admiralty jurisdiction is not appropriate in cases that "involve[] considerations of an exclusively local nature, devoid of substantive federal interest." Oseredzuk, 354 F.Supp. at 455. To determine whether the facts of a case implicate the purpose of admiralty jurisdiction to promote uniform rules regarding maritime commerce, or whether they instead indicate that the case is solely of local concern, federal courts have developed a two-part test for admiralty jurisdiction.

SANDS LERNER
12400 WILSHIRE BOULEVARD, SUITE 1300
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: 310-979-9144

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT MANUEL SOTO'S MOTION TO DISMISS

To properly invoke federal admiralty jurisdiction over tort claims such as the negligence alleged in Plaintiff's Complaint, "at the outset of the case," Plaintiff must "establish both that the wrong occurred on the navigable waters of the United States (the "locality test") and that the activity giving rise to the incident had a substantial relationship to traditional maritime activity (the "nexus test")" In re Bernstein, 81 F.Supp.2d 176, 177-78 (D.Mass. 1999); Gruver, 489 F.3d at 982; H2O Houseboat Vacations Inc. v. Hernandez, 103 F.3d 914, 915, 916 (9th Cir. 1996); Three Buoys, 921 F.2d 775, 777 (8th Cir. 1990), citing Sisson v. Ruby, 497 U.S. 358 (1990); Crawford v. Electric Boat Corp., 515 F.Supp. 2d 282, 288 (D.Conn. 2007); Hardwick v. Pro-Line Boats, Inc., 895 F.Supp. 145, 146 (S.D. Tex. 1995); see Minix v. Fellers, 654 F.Supp. 1127, 1128 (N.D. Cal. 1987).

The U.S. Court of Appeals for the Ninth Circuit refers to these tests as the "location" and "connection" tests. [1] Gruver, 489 F.3d at 982; see also Three Buoys, 921 F.2d at 777 (referring to them as the "situs" and "status" tests).

///

///

///

---

[1]   Although this Memorandum of Points and Authorities focuses on challenging the jurisdictional allegation regarding the location test, that Senator Wash Reservoir is a navigable waterway, Defendant does not concede that the connection test is met here.

Defendant does concede that an accident involving recreational vessels or crafts on a navigable waterway has the potential to impact maritime commerce, Hardwick, 895 F.Supp. at 148, which is one of the two subparts of the connection test. Gruver, 489 F.3d at 982.

The potential impact on maritime commerce stems from the fact that the accident occurs on navigable waters, which, as discussed in Section III.C. below, are navigable because they have the potential to carry interstate commerce. Where, as here, the waters are not navigable, they do not have the potential to carry interstate commerce, so any accident upon them is incapable of impacting maritime commerce. Accordingly, the connection test for admiralty tort jurisdiction fails.

A thorough inquiry into the connection test is pointless here. As demonstrated in Section III.C. below, the existence of a navigable waterway under the location test is a threshold issue. Since there is no evidence to support a finding that Senator Wash Reservoir is navigable for the purposes of determining admiralty jurisdiction, the Court cannot reach the connection test.

4

08-CV-1000 W BLM

SANDS LERNER
12400 WILSHIRE BOULEVARD, SUITE 1300
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: 310-979-9144

**B.    The Court May Consider External Evidence in Determining Whether Senator Wash Reservoir Is a Navigable Waterway.**

Proper invocation of admiralty tort jurisdiction not only requires affirmative allegations regarding navigable waters and a substantial relationship to traditional maritime activity, the allegation of these jurisdictional elements must also be non-frivolous. <u>Bernstein</u>, 81 F.Supp. at 177, <u>quoting</u> <u>Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.</u>, 513 U.S. 527, 527 (1995).

The Court may hear a factual challenge under Rule 12(b)(1) so long as the jurisdictional allegations "do[] not implicate the merits of plaintiff's cause of action." <u>Morrison v. Amway Corp.</u>, 323 F.3d 920, 926 (11th Cir. 2003) (emphasis omitted). The judicial allegation does not implicate the merits of Plaintiff's cause of action if it "appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." <u>Safe Air for Everyone v. Miller</u>, 373 F.3d 1035, 1039 (9th Cir. 2003).

Plaintiff's Complaint alleges two causes of action for negligence against Defendant. The elements of negligence in maritime law are essentially the same as in common law: duty, breach, causation, and damages. <u>Lloyd's Leasing Ltd. v. Conoco</u>, 868 F.2d 1447, 1449 (5th Cir. 1989). The existence of a navigable waterway and a substantial relationship to traditional maritime activity are not a required elements of Plaintiff's negligence claims, and are therefore immaterial to them.

The only reason that Plaintiff alleges Senator Wash Reservoir is a navigable waterway is to obtain federal jurisdiction. Absent admiralty tort jurisdiction, Plaintiff must bring this action in state court in California where the doctrine of primary assumption of the risk is fatal to his claims. In <u>Record v. Reason</u>, 86 Cal. Rptr. 2d 547, 554, 556 (1999), the court held "that tubing is a sporting activity subject to primary assumption of the risk" and that the driver of a boat pulling a tube was a protected coparticipant in the activity. <u>See also</u> <u>Bjork v. Mason</u>, 92 Cal. Rptr. 2d 49, 53-54 (2000) (adopting the reasoning of the <u>Record</u> court in another tubing case).

SANDS LERNER
12400 WILSHIRE BOULEVARD, SUITE 1300
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: 310-979-9144

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT MANUEL SOTO'S MOTION TO DISMISS

Plaintiff seeks to circumvent operation of the doctrine by bringing his claims in federal court in admiralty law, where the doctrine is not available. DuBose v. Matson Nav. Co., 403 F.2d 875, 877 (9th Cir. 1968); Barber v. Marina Sailing, Inc., 42 Cal. Rptr. 697, 704-06 (1995). Because the allegation that Senator Wash Reservoir is a navigable waterway is not material to Plaintiff's claims against Defendant and because Plaintiff has only made that allegation to obtain federal jurisdiction, the Court may hear a factual challenge to this jurisdictional allegation in determining whether the Court has subject matter jurisdiction.[1]

Alternately, the Court can hear this factual challenge because the allegation that Senator Wash Reservoir is a navigable waterway is insubstantial and/or frivolous. As conclusively demonstrated below, there is no factual basis whatsoever for the allegation that Senator Wash Reservoir is a navigable waterway for the purpose of establishing admiralty tort jurisdiction. Because the allegation is wholly unsupported by fact, it is insubstantial and/or frivolous, and the Court may hear this factual challenge to subject matter jurisdiction.

In weighing the factual support for the allegation that Senator Wash Reservoir is a navigable waterway for the purpose of determining admiralty tort jurisdiction, the Court may consider extrinsic evidence, including affidavits and declarations, take judicial notice, and hold evidentiary hearings. In re Everglades Island Boat Tours, LLC, 484 F.Supp. 2d 1259, 1261 (M.D. Fla. 2007); Historic Aircraft Recovery Corp. v. Wrecked & Abandoned Voight F4U-1 Corsair Aircraft, 294 F.Supp. 2d 132, 133 (D.Me. 2003).

> "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion

---

[1] Almost since the date of this accident, Defendant has attempted to convince Plaintiff that California law,-rather than federal maritime law, governs this action for the reasons stated in this Memorandum. See Severance Decl. Ex. G. In addition, Defendant has repeatedly explained to Plaintiff that his claims are barred by the doctrine of primary assumption of risk, since several California cases are factually indistinguishable from this one. Therefore, Plaintiff effectively was left only with the options of settling the case for nuisance value or rolling the dice by filing this action in federal court.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT MANUEL SOTO'S MOTION TO DISMISS

SANDS LERNER
12900 WILSHIRE BOULEVARD, SUITE 1300
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: 310-979-9144

1    must furnish affidavits or other evidence necessary to satisfy its burden of

2    establishing subject matter jurisdiction.

3    Safe Air for Everyone v. Miller, 373 F.3d 1035, 1039 (9th Cir. 2003) (internal quotation and

4    citations omitted).

5    **C.    The Court Does Not Have Admiralty Tort Jurisdiction Over Plaintiff's Complaint**

6    **Because Senators Wash Reservoir Is Not a Navigable Waterway.**

7    Because Defendant challenges subject matter jurisdiction, Plaintiff has "the burden of

8    proving by a preponderance of the evidence the facts supporting jurisdiction." In re

9    Bernstein, 81 F.Supp. 2d 176, 177 (D. Mass. 1999), quoting Bank One, Texas N.A. v. Montle,

10   964 F.2d 48, 50 (1st Cir. 1992).  Therefore, Plaintiff has the burden of proving the facts

11   supporting both the location and connection parts of the test for admiralty tort jurisdiction by a

12   preponderance of the evidence.

13   The first part of the test "whether the tort occurred on navigable water," Gruver, 489

14   F.3d at 982, is a threshold issue.  "It is the character of the waterway that first must be

15   decided.  If the waterway in question is not navigable for admiralty purposes, it makes little

16   difference what craft sets sail." In re Three Buoys Houseboat Vacations U.S.A., Ltd., 921

17   F.2d 775, 780 (8th Cir. 1990).  "[I]t is the very fact that the vessel is on a navigable waterway

18   at all that creates maritime jurisdiction." Id.; Hardwick v. Pro-Line Boats, Inc., 895 F.Supp.

19   145, 149 (S.D. Tex. 1995).  Therefore, if the Court finds Senator Wash Reservoir fails the

20   location test because it is not a navigable waterway, the Court cannot reach the connection test

21   regarding a substantial relationship to traditional maritime activity.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

SANDS LERNER
12400 WILSHIRE BOULEVARD, SUITE 1300
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: 310-979-9144

7                                          08-CV-1000 W BLM

1.     **Senator Wash Reservoir Is a Navigable Waterway Only If It Formed, or Was Part of, a Continuous Highway Upon Which Interstate Commerce By Water Could Have Been Conducted On June 10, 2006.**

Although there are four concepts of navigable waters in federal law, the only one that relevant to this case is navigability for the purposes of determining admiralty jurisdiction.[1] See id. at 147; Oseredzuk v. Warner Co., 354 F.Supp. 453, 455-56 (D.Penn. 1972). The test to determine whether a body of water is navigable and thus subject to admiralty jurisdiction was announced by the United States Supreme Court in The Daniel Ball, 77 U.S. 557, 563 (1870):

> Those rivers must be regarded as public navigable rivers in law which are navigable in fact. And they are navigable in fact when they are used, or are susceptible of being used, in their ordinary condition, as highways of commerce, over which trade and travel may be conducted in the customary modes of trade and travel on water. And they constitute navigable waters of the United States within the meaning of the acts of Congress, in contradistinction from the navigable waters of the States, when they form in their ordinary condition by themselves, or by uniting with other waters, a continued highway over which commerce is or may be carried on with other States or foreign countries in which such commerce is conducted by water.

Davis v. United States, 185 F.2d 938, 942-43 (9th Cir. 1950) (restating the test in analyzing whether Lake Tahoe was a navigable waterway for admiralty tort jurisdiction); Three Buoys, 921 F.2d at 778; Crawford v. Electric Boat Corp., 515 F.Supp. 2d 282, 287-88 (D.Conn. 2007); Bernstein, 81 F.Supp. at 178; Hardwick, 895 F.Supp. at 147; Oseredzuk, 354 F.Supp. at 455.

///

---

[1] "[T]he Supreme Court indicated that "navigability" has been used to define four separate and distinct concepts: (1) to delineate boundaries of navigational servitudes; (2) to define the scope of Congress' regulatory authority under the Commerce Clause; (3) to determine the extent of authority of the Army Corps of Engineers under the Rivers and Harbors Appropriation Act of 1899; and (4) to establish the limits of the jurisdiction of federal courts conferred by Article III, § 2 of the United States Constitution over admiralty and maritime cases." Hardwick, 895 F.Supp. at 147, citing Kaiser Aetna v. United States, 444 U.S. 164 (1979).

SANDS LERNER
12400 WILSHIRE BOULEVARD, SUITE 1300
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: 310-979-9144

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT MANUEL SOTO'S MOTION TO DISMISS

The <u>Daniel Ball</u> test of navigability in fact "applies to all bodies of water, natural as well as artificial . . . ." <u>Hardwick</u>, 895 F.Supp. at 147 (applying the test to Lake Houston, which was created by damming the San Jacinto River), <u>citing</u> <u>Ex Parte Boyer</u>, 109 U.S. 629, 632 (1884). Therefore, for the Court to find that Senator Wash Reservoir is navigable in fact, and thus a navigable waterway for the purposes of determining admiralty jurisdiction, Senator Wash Reservoir must form, or be part of, a continuous highway upon which interstate or foreign trade and travel ("interstate commerce") by water can be conducted.

Furthermore, the Court must restrict its inquiry to the navigability of Senator Wash Reservoir as it existed on June 10, 2006, because navigability in fact is determined at the time the loss occurred. <u>Oseredzuk</u>, 354 F.Supp. at 456. The possibility of future navigability is irrelevant to the determination of admiralty jurisdiction; instead it goes to the Commerce Clause power of Congress to regulate, one of the other three concepts of navigability in federal law. <u>Id.</u> "Present navigability is the standard, and present navigability, as we construe it for admiralty . . . purposes, is not possible on the Lake of the Ozarks." <u>Three Buoys</u>, 921 F.2d at 779.

Therefore, for this Court to exercise admiralty tort jurisdiction over Plaintiff's Complaint, it must find that Senator Wash Reservoir formed, or was part of, a continuous highway upon which interstate commerce was able to be conducted on June 10, 2006. As demonstrated below, such a finding is not possible.

2. **There Is No Evidence of Actual Interstate Commerce Taking Place on Senator Wash Reservoir.**

Federal courts have found waters on which actual interstate commerce takes place to be navigable waterways for the purposes of supporting admiralty jurisdiction. "A body of water is part of the navigable water of the United States if it supports interstate commerce." <u>Minix v. Fellers</u>, 654 F.Supp. 1127, 1128 (N.D. Cal. 1987), <u>citing</u> <u>Davis</u>, 185 F.2d at 943. Here, interstate commerce means interstate shipping. "Commerce for the purpose of admiralty jurisdiction means activity related to the business of shipping, and not non-commercial fishing

///

SANDS LERNER
12400 WILSHIRE BOULEVARD, SUITE 1300
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: 310-979-9144

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT MANUEL SOTO'S MOTION TO DISMISS

1    and pleasure boating." Id., citing Adams v. Montana Power Co., 528 F.2d 437, 439 (9th Cir.

2    1975).

3         In Minix v. Fellers, 654 F.Supp. 1127, 1129 (N.D. Cal. 1987), the court found that the

4    present use of Clear Lake for recreational water sports and non-commercial fishing was purely

5    intrastate and non-commercial, despite past evidence of the transportation of U.S. mail and

6    commercial fishing on the lake, and that such usage did not support a finding that Clear Lake

7    was part of the navigable waters of the United States.  Here, there is no evidence whatsoever,

8    past or present, of interstate commerce taking place on Senator Wash Reservoir.

9    Consequently, there is no actual use in interstate commerce to support a finding that Senator

10   Wash Reservoir is navigable in fact on June 10, 2006.

11   **3.      Senator Wash Reservoir Is Not Per Se Capable of Carrying Interstate**

12   **Commerce Because It Is Wholly Contained in the State of California.**

13        Federal courts have also found that waters that cross state lines are susceptible to being

14   used in interstate commerce and are therefore navigable in fact per se.  Davis, 185 F.2d at 941

15   (finding Lake Tahoe to be navigable because it is partly in the State of Nevada and partly in

16   the State of California); see Three Buoys, 921 F.2d at 777 (referring to the Supreme Court's

17   implicit finding regarding Lake Michigan in Sisson v. Ruby, 497 U.S. 358 (1990)).  Here,

18   however, Senator Wash Reservoir is wholly contained within the state of California.  (Def.'s

19   Req. J. Notice; Soto Decl. ¶ 9, Ex. A, Ex. B at 3; Severance Decl. Ex. A at coordinates E2 to

20   F2, Ex. B at 3, Ex. D at 6, Ex. E.)  Therefore, the waters of Senator Wash Reservoir were not

21   navigable in fact per se on June 10, 2006.

22   **4.      Senator Wash Reservoir Is Not Capable of Carrying Interstate Commerce**

23   **Because It Is Landlocked and Dammed.**

24        Time after time, federal courts have found that landlocked and/or dammed waters

25   wholly contained in one state are not navigable in fact because interstate commerce cannot

26   take place upon them.  Therefore, landlocked and/or dammed waters do not support admiralty

27   tort jurisdiction.

28   ///

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT MANUEL SOTO'S MOTION TO DISMISS

SANDS LERNER
12400 WILSHIRE BOULEVARD, SUITE 1300
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: 310-979-9144

In <u>Three Buoys</u>, 921 F.2d at 779, a court found that "the Lake of the Ozarks is not navigable in fact because of the existence of the Bagnell Dam" despite the alleged navigability of the Osage River before construction of the dam.   The court also found the lake was not navigable because it is wholly contained in the State of Missouri and any commercial use of it was therefore purely intrastate.   Consequently, the court dismissed the complaint for a lack of admiralty tort jurisdiction.

In <u>In re Bernstein</u>, 81 F.Supp.2d 176 (D.Mass. 1999), a collision case involving a towed inner tube, a court found that Lake Winniquisquam was wholly contained in the State of New Hampshire and landlocked by lockless dams and hydroelectric stations.   <u>See</u> 81 F.Supp. at 178-79.   The court therefore found that it was not possible to use the lake to conduct interstate commerce and the lake was not navigable for the purposes of determining admiralty tort jurisdiction. <u>Id.</u> at 179.

In <u>Guillory v. Outboard Motor Corp.</u>, 956 F.2d 114 (5th Cir. 1992), a court found that a reservoir "created for recreation and flood control by a dam" was wholly contained in the State of Louisiana, that vessels on the reservoir could not access the adjacent navigable bayou, and that interstate travel was not possible on the waters that fed the dam.   <u>See id.</u> at 115. Therefore, the court found that the waters of the reservoir were not navigable and affirmed the district court's dismissal of the case for lack of subject matter jurisdiction.

In <u>Hardwick v. Pro-line Boats, Inc.</u>, 895 F.Supp. 145, 148-49 (S.D. Tex. 1995), a district court found that  a dam on the San Jacinto River rendered Lake Houston "landlocked to navigation in interstate commerce and travel throughout the year."  The existence of the dam, combined with the fact that "Lake Houston is located entirely within the State of Texas" led the court to find that "it is currently impossible for any boat to travel from the lake to any 'navigable' body of water" and the lake was "not capable of being used in interstate commerce." <u>Id.</u>  The court therefore found Lake Houston was not navigable and granted a motion to dismiss for lack of admiralty jurisdiction.

///

///

SANDS LERNER
12400 WILSHIRE BOULEVARD, SUITE 1300
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: 310-979-9144

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT MANUEL SOTO'S MOTION TO DISMISS

In <u>Minix v. Fellers</u>, 654 F.Supp. 1127, 1128 (N.D. Cal. 1987), a court found that although "[s]everal small streams and springs feed Clear Lake at one end," the streams were too small to support commercial boating.  The court also found that the other end was "completely and permanently dammed" and the dams "prevent[ed] the lake from serving as a passageway for commercial boats to and from other waterways."  <u>Id.</u> The court therefore found the California lake was not navigable for the purpose of determining admiralty tort jurisdiction.

In <u>Oseredzuk v. Warner Co.</u>, 354 F.Supp. 453, 455-455 (E.D. Pa. 1972), a court found that an artificial, landlocked lake adjacent to another landlocked lake was not navigable even though the second lake was adjacent to a navigable river because "no boats, ships or vessels may enter or leave these two lakes by way of water."  The court stated "land-locked lakes located wholly within one state have consistently been found to be nonnavigable within the meaning of admiralty law."  <u>Id.</u> (citing to five cases from the 1950s and 1960s in which other district courts "found a lack of admiralty jurisdiction because the land-locked lake was not connected with any other navigable water").

The court found no merit in the argument that the lake could become navigable by removing the land separating it from the other lake and the Delaware River.  <u>Id.</u> at 456. Because the court found the lake non-navigable, it granted a motion to dismiss for lack of subject matter jurisdiction.  <u>Id.</u> at 454.

Here, as in <u>Three Buoys</u>, <u>Bernstein</u>, <u>Hardwick</u>, <u>Minix</u>, and <u>Oseredzuk</u>, Senator Wash Reservoir is landlocked, dammed, and wholly contained in the State of California.  (Def.'s Req. J. Notice; Soto Decl. ¶¶ 8-10, Ex. A at 3, Ex. B, Ex. C at 15; Severance Decl. Ex. A at 3, Ex. B at coordinates E2 to F2, Ex. C at 15, Ex. D at 5-6, Ex. E, Ex. F at 24; <u>Cano v. Neill</u>, 473 P.2d 487, 489 (Ariz. Ct. App. 1970).)  Therefore, it is not physically possible to operate a vessel to travel from Senator Wash Reservoir onto any other body of water.  (Soto Decl. ¶ 12; <u>see</u> Soto Decl. Ex. A at 3, Ex. B, Ex. C at 15; Severance Decl. Ex. A at 3, Ex. B at coordinates E2 to F2, Ex. C at 15.)

///

SANDS LERNER
12400 WILSHIRE BOULEVARD, SUITE 1300
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: 310-979-9144

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT MANUEL SOTO'S MOTION TO DISMISS

As in <u>Oseredzuk</u>, the mere proximity of the Colorado River to Senator Wash Reservoir is not sufficient by itself to render the waters of Senator Wash Reservoir navigable. Lockless earthen dams and dikes prevent vessels on the waters of Senator Wash Reservoir from traveling onto the Colorado River system. (Soto Decl. ¶¶ 8, 11; <u>see</u> Soto Decl. Ex. A at 3, Ex. B, Ex. C at 15; Severance Decl. Ex. A at 3; Ex. B at coordinates E2 to F2, Ex. C at 15, Ex. D at 5-6 (no description of navigable locks), Ex. F at 24 (no description of navigable locks).)

Because it is not physically possible to travel by vessel from the waters of Senator Wash Reservoir onto any other waters, any use of it made by vessels is purely intrastate. Therefore, no interstate commerce can take place upon Senator Wash Reservoir and it was not navigable in fact on June 10, 2006.

5.      **Senator Wash Reservoir Is Not A Navigable Waterway. Therefore, the Court Does Not Have Admiralty Tort Jurisdiction over Plaintiff's Complaint.**

Because there is no evidence of interstate commerce taking place on Senator Wash Reservoir, because the Reservoir is wholly contained in California, and because the Reservoir is both landlocked and dammed, it was not navigable in fact on June 10, 2006. Under these circumstances, Senator Wash Reservoir clearly did not form, and was not part of, a continuous highway upon which interstate and foreign trade and travel could be conducted on June 10, 2006. Therefore, Senator Wash Reservoir was not navigable on June 10, 2006.

Because Senator Wash Reservoir was not navigable, Plaintiff's Complaint fails the location test for admiralty tort jurisdiction. As the location test is a threshold issue, the Court cannot reach the connection test. Accordingly, the Court does not have admiralty tort jurisdiction over Plaintiff's Complaint. In the absence of another valid basis for the exercise of subject matter jurisdiction, the Court must dismiss Plaintiff's Complaint.

///

///

///

///

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT MANUEL SOTO'S MOTION TO DISMISS

SANDS LERNER
12400 WILSHIRE BOULEVARD, SUITE 1300
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: 310-979-9144

**D.    Because There Is No Basis For Admiralty or Any Other Subject Matter Jurisdiction Here, the Court Should Dismiss Plaintiff's Complaint.**

There is no other basis valid basis to support the exercise subject matter jurisdiction over Plaintiff's Complaint.

Although Plaintiff alleges that the Court has jurisdiction under the Admiralty Jurisdiction Extension Act, 46 U.S.C. § 740 <u>et seq.</u> (Compl. ¶ 1.), the Act does not apply. The Act was recodified at 46 U.S.C. App. § 740 <u>et seq.</u> in 1983 and again at 46 U.S.C. § 30101 <u>et seq.</u> in 2006. These statutes extend admiralty tort jurisdiction to damage or injuries caused by vessels on navigable waters but "consummated on land." 46 U.S.C. App. § 740 (2000); 46 U.S.C. § 30101 (2007).

As demonstrated conclusively in Section III.C. above, Senator Wash Reservoir is not navigable. Furthermore, Plaintiff's Complaint alleges injuries sustained in a collision "on the navigable waters of Senator's [sic] Wash" (Compl. ¶¶ 9, 22), not on land. Because Senator Wash Reservoir is not navigable and because Plaintiff does not allege an injury or damage that occurred on land, the Act does not apply and cannot support the Court's exercise of jurisdiction over the Plaintiff's Complaint.

Furthermore, Plaintiff's Complaint does not allege any other basis for jurisdiction. (<u>See</u> Compl. ¶¶ 1-4.) Even if Plaintiff had alleged diversity jurisdiction under 28 U.S.C. § 1332, there is no diversity of citizenship here that would support it, because the Complaint alleges that Plaintiff and all named defendants are residents of California. (Compl. ¶¶ 2-3.) Consequently, the Court does not have statutory, federal question, or diversity jurisdiction over Plaintiff's Complaint.

Because the Court does not have admiralty tort jurisdiction over Plaintiff's Complaint, and because there other basis upon which the Court can exercise subject matter jurisdiction here, the Court must dismiss Plaintiff's Complaint for a lack of subject matter jurisdiction.

///

///

///

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT MANUEL SOTO'S MOTION TO DISMISS

## IV.    CONCLUSION

Because Senator Wash Reservoir is landlocked and wholly contained in the State of California, it is not a navigable waterway and consequently cannot satisfy the location test for admiralty tort jurisdiction.  As Plaintiff has alleged no other valid basis for jurisdiction, the Court lacks subject matter jurisdiction to hear Plaintiff's Complaint.  Therefore, Defendant requests that the Court dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.


DATED:  July 14, 2008                    SANDS LERNER

                                         By: _____

                                             NEIL S. LERNER
                                             ARTHUR A. SEVERANCE
                                             Attorneys for Defendant,
                                             MANEUL SOTO, JR.

SANDS LERNER
12400 WILSHIRE BOULEVARD, SUITE 1300
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: 310-979-9144

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT MANUEL SOTO'S MOTION TO DISMISS

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is 12400 Wilshire Boulevard, Suite 1300, Los Angeles, California, 90025.

On **July 14, 2008** I served the foregoing documents described as:

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT MANUEL SOTO, JR.'S MOTION TO DISMISS

on the interested parties in this action:

### See attached Service List

☒ (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ (BY FACSIMILE) I am responsible for service by facsimile to the above addresses.

☐ (PERSONAL) I delivered such envelope by hand to the offices of the addressee.

☐ (BY FEDERAL EXPRESS) I am responsible for service by Federal Express to the above address with guaranteed delivery by 10:00 a.m. on _____.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **July 14, 2008** at Los Angeles, California.

_____
Ruthelene Luckey

**SERVICE LIST**
*David Santoyo, Jr. v. Manuel Soto, Jr.*
USDC-Southern (San Diego) Case No. 08-CV-1000 W BLM

| | |
|---|---|
| Samer Habbas, Esq.<br>LAW OFFICES OF SAMER HABBAS<br>7700 Irvine Center Drive, Ste. 955<br>Irvine, CA 92618<br><br>Tel:    949-727-9300<br>Fax:   949-727-9308<br>TF:    877-559-4529 | **Attorneys for Plaintiff,**<br>David Santoyo |
| Samer Habbas, Esq.<br>LAW OFFICES OF SAMER HABBAS<br>420 Exchange, Ste. 970<br>Irvine, CA 92602 | **Attorneys for Plaintiff,**<br>David Santoyo |

# Mailing Information for a Case 3:08-cv-01000-W-BLM

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- (No e-mail recipients)

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Samer Habbas
Law Office of Samer Habbas
7700 Irvine Center Drive
Suite 955
Irvine, CA 92618
```