```
01/12/07         Imperial County Sheriff's Office              Page:    1050
16:42                      Law Repor                                       1

  Incident Number: 0606-0398              Case Numbers:
  Nature: Boat Accident
                                                     Area: DIST1 SUPERVISOR DIST. 1
    Addr: SENATORS WASH
    City: Yuma            St: AZ  Zip: 85364      Contact:

  Complainant:       3174      Alert Codes:

    Lst: Yuma County Sheriff's Office    Fst:                Mid:
    DOB: **/**/**  SSN:    -   -       Adr: 145 South 3rd Avenue
    Rac:    Sx:   Tel: (928)783-4427   Cty: Yuma          St: AZ  Zip: 85364

  Reported:
  Observed:
    Offense
      Codes: WAOF  Water Offense
  Circumstances:

  Responding Officers: McCoy,R           533
  Rspnsbl Officer:     McCoy,R          Agency: AISO
    Received By:       Verduzco, S.     Last RadLog: **:**:** **/**/**
    How Received:    T  Telephone        Clearance: RBR  Received by Records

  When Reported:   17:59:54 06/10/06    Disposition: TRA  Disp Date: 06/10/06

  Occurrd between:  17:59:54 06/10/06   Judicial Sts:
              and:  17:59:54 06/10/06   Misc Entry:

  Modus Operandi:
        Factor         Description                          Method

  INVOLVEMENTS:                                         Relationship
  Date    Description
  ----    -----------                                   ------------
```

CONFIDENTIAL POLICE REPORT
Released under Sec.6254(f) Govt. Code
To: *Russell W. Dennis & Associates*
Date of Release: *1/12/07*
REPRESENTATION OF SUBJECT REQUIRED

```
01/12/07              Imperial County Sheriff's Office              Page: 1050
18:42                        Law Report                                    2
                           Narrative Section
```

| | |
|---|---|
| CR#: | 0606-0398 |
| Deputy: | R. W. McCoy #533/Imperial County Sheriff's Dept.<br>Boating Enforcement Safety Team<br>328 Applestill Road, El Centro, Ca. 92243<br>(760) 339-6311 |
| Classification: | Misdemeanor(s) |
| Crime Code: | 1. T14 CCR 6600.1 Part B Rule 5: Look-out ✓<br>2. 655(a) H&N; Negligent Operation ✓<br>3. 658(d) H&N Operations of boats while towing<br>   [Vessel towing skier causes a collision] |
| Victim(s): | David Santoyo            DOB: 10-24-79<br>28010 Hillpoint Dr.<br>Sun City, CA. 92585       Ph; (760) 525-8319 |
| Suspect(s): |     DOB: <br>                         SSN:<br>                         Ph:<br>Hispanic Male; See attached photo, Vessel operator #1 |
| Witnesses: | See witness list attached |
| Evidence: | 1. CD disk containing 19 various photos.<br>2. CD disk containing full version of CAL Boating report.<br>3. Audio Casset with witness statments.<br>4. 19 black & white photo prints<br>5. Two hand drawn sketches of accident scene, (not to scale)<br><br>Note: Items 1,2&3 were entered into the ICSO evidence<br>locker, items 4 & 5 are attched to original report. |
| Property: | None |
| Vessels: | 1. 2003 17'06" Maxum Skiboat<br>   CA REG: CF 3962 RB<br>   HIN: MXPB60NDH304<br>   Reg Owner: Manual Soto (see suspect)<br><br>2. 1995 9'04" Yamaha Waverider PWC<br>   CA REG: CF5372 NR<br>   HIN: YAML8090C595<br>   Reg. Owner: James N. Silberman<br>              5519 Bolivar St.<br>              San Diego, Ca. 92139 |
| Narrative: | ON Saturday, June 10, 2006, at about 6:00 PM, I, Deputy McCoy was on shore patrol at Senators Wash, Imperial County, California, near the area called South Mesa. I was in departmental uniform operating a fully marked Sheriffs emergency equipped patrol vehicle. |

*Russell V. Dennis & Associates 11/2/07*

01/12/07
18:42

*Russell W. Dennis & Associates 1/12/07*
Imperial County Sheriff's Office
Law Report

Page: 1050
3

The following is the narration portion to a vessel accident report that occurred on Senators Wash

---

FACTS:
On 06/10/06 at approximately 1800 hrs. I Deputy McCoy was notified of a vessel accident had just occurred on Senators Wash. Dispatch was not sure of the location on the lake. One person was reported injured. I responded from the South Mesa area of Senators Wash and drove to the boat ramp area just to the east.

Upon my arrival, at about 1804 hours, I was flagged down by one of the reporting parties, she had advisied me of the injured subject's location. I located all involed parties and vessels just east of the boat ramp at waters edge. I was advised that the accident had occurred approximately 1/4 mile north of the boat ramp just off the shore of an un-named island.

SCENE:
This accident occurred on Senators Wash approx. 1/4 mile north of the boat ramp. This waterway is a land locked reservoir that utilizes a pumping station for filling and or draining, pulling water from the Colorado River and providing supplemental water storage for agricultural use. Secondary use allows recreational activity such as boating, swimming and fishing. The accident occurred due north of the boat ramp along the south edge of an un-named island, approx. 50 to 100 feet south of the island.

Other then the island vegitation there are no visual obscurements. Environmental conditions had no bearing in this accident. There are no speed restrictions in the area.

VESSEL 1:
This vessel, CF 3962 RB is a 2003 17'6" Maxum open bow runabout. This vessel is of fiberglass construction and is powered by I/O drive. The vessel was near the boat ramp located in Senators Wash. The vessel was released to original operator.

No damage to the vessel had occurred. This vessel was the towing vessel and all impact in this accident was with the tube being towed. I completed a vessel inspection no equipment defects were noted. Steering controls were ok.

Four photographs of the vessel were taken and placed into evidence.

VESSEL 2:
This vessel, CF 5372 NR is a 1995 9'4" Yamaha Wave rider PWC. This vessel is of fiberglass construction and is jet powered. The vessel was near the boat ramp located in Senators Wash. The vessel was released to original operator.

No damage to the vessel had occurred. I completed a vessel inspection no equipment defects were noted. Steering controls were ok.

Five photographs of the vessel were taken and placed into evidence.

OTHER PERSONAL PROPERTY:
The Seadoo water tube that was pulled by vessel #1, it was located next to vessel #1. No damage to the tube was observed and the item was released to the owner.

01/12/07  
18:42  

To Russell W. Dennis & Associates  1/12/07

Imperial County Sheriff's Office  
Law Report  

Page: 1050  
4

One photograph of the tube was taken and placed into evidence.

INJURIES:
    V1 passenger (D. Santoyo) was transported to Yuma Regional Medical Center, Yuma Az. by Suncare air ambulance. He was treated for multiple fractures of the Hemithorax, (ribs), and released.

CHEMICAL TEST:
    Both operators were screened at location; neither operators exhibited symptoms indicating operation under the influence. No odor of alcohol was present. I confirmed my observations by asking both operators if they had consumed alcohol this day. Both operators stated they had not had any alcohol to drink.

STATEMENTS:
    P-1 ▓▓▓▓ told me that he was operating his Maxum ski boat on the north side of Senators Wash pulling a tube with his friend D. Santoyo on the inner tube. He estimated his speed about 20 mph. He stated he was heading west along the south shore of an un-named island. ▓▓▓▓ said he was looking behind facing the rear watching the inner tube. He said he saw the tube and Personal Water Craft (PWC) collide. ▓▓▓▓ stated that the PWC was going slow and appeared to be in a turn. Both the PWC operator and the tube rider ended up in the water.

    Witness Erica G. Robles stated that she was riding in V-1 in the forward starboard side of the open bow portion of the boat. She was the designated safety observer (flagman) for the boat. E. Robles continued by saying she was looking forward and to the rear. Out of the corner of her eye, the PWC. E. Robles said the boat was in a turn to the right when she saw, out of the corner of her eye, the PWC. E. Robles said the PWC appeared to be turning. The left side of the tube and the right side of the PWC collided. E. Robles said she was not able to observe the actual hit but her cousin D. Santoyo ended up in the water.

    Witness Robert Santoyo stated he was riding in V-1 in the starboard rear of the vessel. He said he was assisting the safety observer of the vessel by watching the tube and letting the operator know when the rider fell off. R. Santoyo said he saw the tube and PWC collide and both subjects were in the water. R. Santoyo said he saw a large splash and then he helped pull his brother (D. Santoyo) from the water. His brother was complaining of pain in his side and could not breathe.

    P-2 Juan SALAZAR told me he was operating the PWC on Senators Wash. His group had just gotten to the island north of the boat ramp and it was his first ride of the day. J. SALAZAR said this was the first time he had ever rode a PWC alone. While heading back to the island J. SALAZAR said he was going about five mph in a straight line. J. SALAZAR said he saw the boat come around the island. He told me he had shut off the PWC and when he saw the tube heading for him from behind the boat he jumped into the water on the right side toward the tube.

    Witness James Silverman advised me that just prior to the accident he was standing on the un-named island 1/4 mile north of the boat ramp located on Senators Wash. He was watching P-2 pull back to the island and was awaiting his turn to ride the PWC. J. Silverman said he watched the boat (V-1) come around the island and pass between the island and the PWC (V-2). J. Silverman saw the tube slide outward away from the island and watched as the tube and the

01/12/07
18:42

Russell V. Dennis & Associates 1/12/07
Imperial County Sheriff's Office
Law Report

1050
Page: 5

PWC collide. J. Silverman stated the boat was moving fast and his friend on the PWC was going slowly.

Note: the above statements were made at the boat ramp on Senators Wash. The initial interviews were audio recorded and the tape entered into evidence.

Victim David Santoyo, the rider on the tube, was interviewed at the Yuma Regional Medical Center Emergency Room. D. Santoyo stated he can not remember any details of the accident.

OPINIONS AND CONCLUSIONS:

It is my opinion that the following events took place prior to, during, and after the collision involving the Maxum ski boat operated by P-1 ███████ Jr. and the Yamaha Waverider (PWC) operated by P-2 J. Salazar.

Based on his admission, P-1 ███ along with his two passengers were turning, coming around a small island in a clockwise direction from east to west, at a speed of 20 to 25 MPH. He was pulling a tube with V-1 David Santoyo on the tube. The vessel was in a starboard turn about 50 to 100 feet off the shore of the island.

Witness statement's placed the vessel on the south side of the island westbound. Witnesses also state that V-1 Santoyo was facing forward lying on his stomach on the tube. This is consistent the injuries received by V-1 Santoyo to his left side, multiple fractures to the Hemi thorax, from the impact with the starboard side of the PWC (see diagrams).

P-1 ███ stated that he was watching the tube as he rounded the corner and that he was looking back towards the collision area. P-1 ███ also stated that he saw the PWC was moving slowly. P-1 ███ said the PWC appeared to have turned towards the tube just prior to the accident. This action of the PWC turning towards the tube coincides with P-2 Salazar's statement that he abandon the PWC to the starboard side just prior to the impact causing the appearance of the vessel to keel to starboard.

P-2 Salazar admitted this was his first time operating a PWC solo. He had never had formal instruction in the operation of a PWC. Though not a direct cause to the accident, it is a possible contributing factor. P-2 Salazar stated he shut the PWC off when he saw the boat in front of him, as a jet propelled vessel it can only be maneuvered while under power. Given the short duration from time of noticing the tube heading towards the PWC and impact, a subject with no experience operating a PWC would have little or no time for accident avoidance.

I feel that P-1 ███ was operating his vessel and not maintaining a proper watch. By his own admission he was looking to the rear and watching the subject being towed instead of maintaining a proper forward lookout. This is the determining factor for the accident. (The law requiring a flagman/observer eliminates the issue of the operator having to watch towed subject(s) and maintaining a proper secure course).

Even though P-2 Salazar was heading north and P-1 ███ was to his right heading west, a crossing situation, the rule doesn't apply to the accident. P-1 ███ was not maintaining his course and speed as required for a stand on vessel by the rule. His vessel had just rounded an island and was not maintaining a set heading.

```
01/12/07            Imperial County Sheriff's Office                    1050
18:42                      Law Report                          Page:    6
```

Based on physical evidence and statements, P-1 ▓▓▓ was in violation of:

Title 14, California Code of Regulations, Section 6600.1, Title 33 USC, Part B, Rule 5; Lookout.

655(a) Harbors & Navigation; Negligent Operation
658(d) Harbors & Navigation; Vessel Towing Skier Causes a Collision

Rule 5 Look-out

Every vessel shall at all times maintain a proper look-out by sight and hearing as well as by all available means appropriate in the prevailing circumstances and conditions so as to make a full appraisal of the situation and of the risk of collision.

655 H&N Negligent Operation

(a)   No person shall use any vessel or manipulate water skies, an aquaplane, or similar device in a reckless
or negligent manner so as to endanger the life, limb, or property of any person.

658(d) H&N Operations of boats while towing

(d) No person shall operate or manipulate any vessel, towrope, or other device by which the direction or location of the skis, an aquaplane, or similar device may be affected or controlled so as to cause the water skis, aquaplane, or similar device, or any person thereon, to collide with, or strike against, any object or person. This subdivision does not apply to collisions of two or more persons on water skis, aquaplanes, or similar devices being towed by the same vessel.

Recommendations:
Forward to District Attorneys Office for prosecution.

R.W. McCoy Deputy Sheriff

_____
Responsible LEO:

_____          *Russell W. Denais & Associates*
Approved by:                          1/12/07

_____
Date:

```
01/12/07            Imperial County Sheriff's Office            Page:  1050
18:42                       Law Report                                    7
```

---
Responsible LEO:

---
Approved by:

---
Date

*Russell W. Dennis & Associates*
*1/12/07*